The document below is hereby signed.

Signed: July 22, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DWAIN W. TATE | ) | Case No. 19-00237 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO DISQUALIFY BRIAN FELLNER

The debtor has filed a _Motion to Disqualify Brian Fellner, Esq_ ("_Motion_") (Dkt. No. 20) wherein the debtor seeks to have Brian Fellner, a defendant in the associated adversary proceeding to this case (Adversary Proceeding No. 19-10009) and counsel for other defendants in the adversary proceeding, disqualified from representing any defendants other than himself in the adversary proceeding. For the following reasons, the _Motion_ will be denied.

I

The debtor initiated this bankruptcy case by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on April 10, 2019, on the eve of a foreclosure sale of the townhouse where the defendant resides, and which was owned by the debtor's

now deceased mother.  The debtor notified Fellner of the filing
of the bankruptcy case, but Fellner proceeded with the
foreclosure anyway.  Fellner believed that the townhouse was not
property of the estate because the land records still have the
debtor's mother as the owner of the property.

The debtor filed the associated adversary proceeding
(Adversary Proceeding No. 19-10009) on April 14, 2019, against
Fairfax Village I Condominium ("Fairfax Village"), the
condominium association that governs the townhouse and
surrounding common areas; EJF Real Estate, the managing company
for Fairfax Village; and Alex Cooper Auctioneer, to have the
foreclosure sale declared void as a violation of the automatic
stay under 11 U.S.C. § 362, and to seek damages for the
defendants violation of the automatic stay.  The debtor amended
his complaint on April 19, 2019, and included Fellner as a
defendant.

Fellner represented Fairfax Village and was the foreclosure
trustee.  Fellner allegedly mailed notice to the debtor's
deceased mother, after the debtor had told Fellner that she was
deceased and that the debtor was making payments on the
townhouse.  The debtor also alleges several other issues
regarding the foreclosure proceedings, but does not seek any
relief for alleged misconduct with the foreclosure proceedings in
his adversary proceeding complaint.

The defendants filed a *Motion to Dismiss* (Dkt. No. 19) wherein they stipulate to the facts alleged by the debtor and seek to have the case dismissed under Fed. R. Civ. P. 12(b)(1), for the debtor's lack of standing, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief may be granted.

The debtor filed the *Motion* and seeks to have Fellner's representation limited only to himself.  Fellner filed a timely opposition.

II

When considering whether to disqualify an attorney, courts are admonished that "unless an attorney's conduct tends to taint the underlying trial, by disturbing the balance of the presentations in one of the two ways indicated above, courts be quite hesitant to disqualify an attorney." *Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984) (quoting *Board of Education of New York City v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)) (internal quotes omitted) (vacated on other grounds). The "two ways indicated above" refer to (1) where there is a serious question of the attorney's ability to zealously represent the client, or (2) where the attorney is in the position to potentially create an unfair advantage by the use of privileged information of the other side. *Nyquist*, 590 F.2d at 1246.

The debtor asserts that Fellner is prohibited from representing the other defendants under Rule 3.7(a) of the D.C.

Rules of Professional Conduct, which provides:

> A lawyer shall not act as an advocate at a trial in which
> the lawyer is likely to be a necessary witness except:
>
> > (1)  The testimony relates to an uncontested issue,
> >
> > (2)  The testimony relates to the nature and value
> >      of legal services, or
> >
> > (3)  Disqualification of the lawyer would work
> >      substantial hardship on the client.

The debtor alleges that Fellner would be required to testify to many of the actions taken during the foreclosure of the property, and that his interests would be adverse to the other defendants.

Fellner contends that the defendants have conceded all the facts alleged by the debtor, and, therefore, there will be no need for him to testify on a contested issue.  Fellner also contends that exceptions (2) and (3) apply because any testimony he may be required to give would be related to the nature of his legal services, and it would be a substantial hardship for Fairfax Village to hire a new attorney who is unfamiliar with the facts and issues of this relatively minor debt collection case.

All the defendants conceded in their *Motion to Dismiss* to all the facts alleged by the debtor in his complaint.  There may be a question as to whether this concession was solely for the purposes of the *Motion to Dismiss*, as is necessary for a motion to dismiss under Rule 12(b)(6), or if the defendants conceded the facts alleged in the complaint throughout the adversary proceeding regardless of the court's disposition of the *Motion to*

4

*Dismiss*.  However, the statement made in the *Motion to Dismiss* does appear to concede the facts, without any limitation of such concession solely to the *Motion to Dismiss*, and the defendants' attorney has represented in his opposition to the *Motion* that the defendants concede to the facts of the Complaint.  Therefore, there do not appear to be any contested facts to which Fellner would be required to testify for the purposes of the adversary proceeding.

Moreover, all the issues that the debtor alleges remain that would necessitate Fellner's testimony are related to the alleged misconduct during the foreclosure proceedings.  The only issue before the court in the adversary proceeding is whether the defendants violated the automatic stay by proceeding with the foreclosure sale, even though the debtor had filed his bankruptcy case the day before and the automatic stay was in place.  Whether Fellner violated any state laws in conducting the foreclosure are not before this court in the adversary proceeding.  Therefore, it is very unlikely that Fellner will be required to testify on any contested issues, or that Fellner's position will be adverse to the other defendants' positions.

Accordingly, there does not appear to be a reason to disqualify Fellner from representing other defendants in the adversary proceeding.  Should circumstances change, such as the defendants contest the factual allegations in the debtor's

5

complaint, if the court denies the *Motion to Dismiss*, then the court may revisit this issue at that time.  For now, there is no reason to disqualify Fellner.

III

For the aforesaid reasons, it is

ORDERED that the debtor's *Motion to Disqualify Brian Fellner, Esq* ("*Motion*") (Dkt. No. 20) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders.